UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMINIQUE DOSS,

                Plaintiff,                Case No. 2:16-cv-135

v.                                        HON. JANET T. NEFF

THOMAS MACKIE, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Dominique Doss pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that between August 15 and 18, 2014, he was in observation status at the Baraga Correctional Facility (AMF). Plaintiff alleges that during that time, he was subjected to excessive force by Defendants Huhta, Erkkila, Wealton, and Yankovich.  Plaintiff further alleges that he was subjected to inhumane living conditions by Defendants Huhta, Erkkila, Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen.  Plaintiff also sues Defendants Warden Thomas Mackie, Warden Shane Place, and Dr. Chung Oh.  Defendants Mackie, Place, Huhta, Erkkila, Wealton, Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen filed a motion for summary judgment (ECF No. 45) on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff filed a response (ECF No. 52).[1]

---

[1] Defendant Dr. Chung Oh, is the only Defendant that did join in this motion.  Plaintiff has also named as Defendants twelve unserved John Doe Defendants.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

2

1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or

"where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] Once an inmate submits a grievance, the designated grievance coordinator assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

4

response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievance. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

The moving Defendants argue that Plaintiff never properly exhausted his grievance remedies. Plaintiff argues that he filed a grievance raising the claims asserted against each of the Defendants, but the grievance coordinator never responded. Plaintiff stated in his response brief:

> While on observation status plaintiff requested unit one ARUS Burke to file a grievance on plaintiff's behalf (due to policy; no pen, pencil, or paper while on observation status) he (Burke) refused to do so. After plaintiff was released from observation status, plaintiff initiated a grievance the first available time, about or around September 9, 2014. Plaintiff stated reason for the delay of filing, which was because of observation status and ARUS refusing to file on plaintiff's behalf. After filing the grievance giving details of the incidents that transpired, plaintiff placed the grievance in an envelope addressed to Baraga grievance coordinator plaintiff gave the envelope to a staff member to place in the unit mail box. The grievance coordinator never responded according to policy directive 03.02.130 "Prisoner/ Parolee Grievances."

ECF No. 52, PageID.433. In the opinion of the undersigned, Plaintiff has not shown that his actions exhausted his grievance remedies. Plaintiff has presented no evidence to support his claim

5

that he sent a grievance raising the issues presented in this case to the Baraga grievance coordinator. Plaintiff has not identified the staff member that he allegedly gave his Step I grievance to, and Plaintiff has not explained any plausible reason why the grievance was never processed. Plaintiff does not indicate that he contacted any staff member regarding the failure to process this grievance, or that he took any action rectify the failure. Nor did Plaintiff attempt to submit a Step II appeal of this grievance. As stated above, the MDOC policy requires an inmate to appeal to Step II if he is not provided with a timely response at Step I. Plaintiff failed to take any action to exhaust these procedures. Moreover, Plaintiff actually did file grievances on the issues presented in his complaint at a later date. In those grievances, Plaintiff never indicated that he attempted to file an earlier grievance that was not processed.

Plaintiff argues that he filed grievances on these issues that were exhausted through each step of the process. Plaintiff submitted grievance AMF 15-09-2122-28E, AMF 15-09-2352-12-D3, and AMF 15-09-2123-28E. In grievance AMF 15-09-2352-D3, Plaintiff complained that Defendant Dr. Chung Oh refused medical treatment on September 28, 2015. Plaintiff complained of pain in his joints and a failure to follow-up on blood tests. (ECF No. 45-3, PageID.261-264). Plaintiff named only Defendant Dr. Chung Oh in that grievance and did not grieve any of the Defendants regarding the alleged claims asserted in this complaint.

In grievance AMF 15-09-2122-28E, Plaintiff complains that he was placed on observation status in restraints between August 15, 2014, and August 18, 2014. Plaintiff states that he was refused water, food, showers, and medical treatment during this time period. Plaintiff alleges that he was forced to lay in his own urine, that he missed seven meals, and that he missed one shower. Plaintiff named most of the Defendants and "John Does" in his grievances. The grievances at each step were rejected as being untimely because Plaintiff submitted the grievance

at Step I over one year after the incident on September 3, 2015. Plaintiff did not provide any reason for the late submission. (ECF No. 45-4, PageID.274-277).

In grievance AMF 15-09-2123-28E (ECF No. 45-4, PageID.278-281), Plaintiff alleged that he was placed in an observation cell on December 1, 2014, by some of the Defendants. Plaintiff complains that the cell was unsanitary and feces infested, and that he was refused a shower and forced to eat finger food. Plaintiff's grievance was rejected as untimely because he submitted it on September 3, 2015, without explanation for the delay.

In the opinion of the undersigned, Plaintiff has failed to show that he properly filed a timely grievance against Defendants Mackie, Place, Huhta, Erkkila, Wealton, Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen. When the MDOC rejects the grievance on the basis of untimeliness and refuses to reach the merit of the grievance, the grievance is considered unexhausted. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Moreover, it is the opinion of the undersigned that Plaintiff's conclusory allegation that he attempted to submit a grievance on these individuals at an earlier time period, but that the grievance was never processed, is not supported by any evidence in the record. Plaintiff has provided no evidence that he took any action to determine what happened to this grievance, or such as copies of correspondence or complaints that were sent after Plaintiff allegedly gave the grievance to an unnamed officer. Plaintiff first mentioned this alleged unprocessed grievance in response to Defendants' summary judgment motion. In the opinion of the undersigned, Plaintiff's unsupported conclusory assertions fail to raise a genuine issue of material fact.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 44) be granted dismissing Defendants Mackie, Place, Huhta, Erkkila, Wealton,

Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen without prejudice. If the Court accepts this recommendation, only Defendant Dr. Chung Oh shall remain as a Defendant in this case.

Dated:     February 13, 2017             /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).