UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMINIQUE DOSS,

               Plaintiff,

                                         Case No. 2:16-cv-135

v.

                                         HON. JANET T. NEFF

THOMAS MACKIE, et al.,

               Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  On February 13, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment (ECF No. 44) be granted and that the Court dismiss Defendants Mackie, Place, Huhta, Erkkila, Wealton, Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen without prejudice.  The matter is before the Court on Plaintiff's objection to the R&R.  (ECF No. 64.)

      This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has not supported his claim that he exhausted or was prevented from exhausting administrative remedies with any evidence.  Plaintiff argues that he has demonstrated "some kind of genuine disputed fact that contradicts what the defens (sic) provided."  (ECF No. 64, PageID.569.)  He cites paragraph 41 of his complaint, the grievance forms for Grievance AMF 1409-2680-17g, and inmate Jackson's affidavit, as evidence to support a genuine dispute of material fact as to whether he fully exhausted his administrative remedies.

First, paragraph 41 refers to allegations of excessive force and deprivation of food, water, and other basic necessities from August 15, 2014 through August 18, 2014.  (ECF No. 18-1, PageID.113.)  Plaintiff also alleges that, during that time, he requested ARUS Burke to file a grievance for Plaintiff, and ARUS Burke refused to do so.  (*Id.*)  But Grievance AMF 1409-2680-17g and inmate Jackson's affidavit are not related to these allegations.  The grievance forms and the affidavit refer to an incident on August 18, 2014, where an officer allegedly ripped up Plaintiff's paperwork and flushed it down the toilet.  (ECF No. 64-1.)  Plaintiff asserts that, among these papers, were the grievances for his allegations of excessive force and inhumane conditions.   Yet Plaintiff was able to file and complete the administrative process for Grievance AMF 1409-2680-17g during the same period in which he asserts that he was unable to file a grievance relating to the excessive force and inhumane condition allegations.  Although it appears that Plaintiff fully exhausted Grievance AMF 1409-2680-17g, it is not relevant to Plaintiff's allegations of excessive force and inhumane conditions.

Second, in his objection, Plaintiff does not provide any other evidence to support his allegations of excessive force and inhumane conditions.  The Magistrate Judge previously reviewed Plaintiff's claims that he exhausted administrative remedies in Grievance AMF 15-09-2123-28E.

But this grievance was rejected as untimely.  Plaintiff argues that he was precluded from filing a grievance, which justified his untimely filing, but he does not provide any evidence to support this claim.  Rather, the fact that he fully exhausted Grievance AMF 1409-2680-17g contradicts this claim.  Further, the Step III grievance report refutes this claim, which found that Plaintiff offered no legitimate reasons for his delay. (ECF No. 45-4, PageID.294, PageID.296.)  The Magistrate Judge properly concluded that there was no genuine dispute of material fact that Plaintiff failed to exhaust his administrative remedies as to his claims for the alleged excessive force and inhumane conditions violations.

The Court finds the R&R to be well-reasoned, and Plaintiff's objection is without merit. For the reasons explained by the R&R, the Court will grant Defendants' motion for summary judgment (ECF No. 44).  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Mackie, Place, Huhta, Erkkila, Wealton, Niemi, Frechen, Duquetti, Yankovich, Finegan, McMann, Linder, and Mullen are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 64) is **OVERRULED**.


Date:  <u>March 3, 2017</u>                    <u> /s/ Janet T. Neff                              </u>
                                           JANET T. NEFF
                                           UNITED STATES DISTRICT JUDGE